No. 27,153.

LOUIS LINDENBAUM and SARAH MOSKOWITZ, Administratrix of the estate of HARRY MOSKOWITZ, deceased, *Appellees*, v. SAMUEL KAMEN, *Appellant*.

SYLLABUS BY THE COURT.

1. CONTRACTS—*Evidence—Sufficiency as Against Demurrer*. In an action to recover for merchandise sold and delivered, where the defendant counterclaimed alleging an agreement by plaintiff to stand certain losses in a previous transaction, the evidence supporting defendant's contention examined and *held* sufficient to overcome a demurrer thereto.

2. TRIAL—*Demurrer to Evidence—Operation and Effect*. Rule followed that in considering a demurrer to the evidence, the court must consider as true every portion which tends to prove the case of the party resisting the demurrer.

Appeal from Sedgwick district court, division No. 4; ISAAC N. WILLIAMS, judge. Opinion filed February 12, 1927. Reversed.

*John Madden* and *John Madden, Jr.*, both of Wichita, for the appellant.

*C. I. Martin, C. W. McVickers*, both of Wichita, and *Arch F. Williams*, of El Dorado, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover a balance due for merchandise sold and delivered. Defendant counterclaimed on the

---

Appeal and Error, 4 C. J. p. 904 n. 22. Sales, 35 Cyc. p. 573 n. 75. Trial, 38 Cyc. p. 1543 n. 69.

ground that plaintiffs had agreed to stand a part of a loss sustained on a shipment of rope. A demurrer to defendant's evidence in support of his counterclaim was sustained and he appeals.

The facts are substantially as follows: The defendant together with H. Danna and Harry Moskowitz were jointly interested in the El Dorado Iron and Supply Company at El Dorado. Defendant and Danna each held a one-fourth interest; Moskowitz, one-half. Defendant was also engaged in a similar business at Wichita, under the name of Kamensky Iron and Metal Company. October 29, 1922, the El Dorado Iron and Supply Company contracted to ship a car of rope to Akron, Ohio. The car, one-third loaded by defendant, was started at Wichita and stopped at El Dorado where the two-thirds balance of the load was furnished by the El Dorado Iron and Supply Company. The rope was rejected upon arrival at Akron because of being of an inferior grade. It was reconsigned to Peoria, Ill., and again rejected. Defendant then went to Peoria, way-billed the car to Chicago, and sold the rope at a net loss of $77.71. The freight and other items of expense made up an aggregate loss of $552.88. Before returns were received on the car the defendant purchased the interest of Danna in the El Dorado Iron and Supply Company and then sold his one-half interest therein to the plaintiff Lindenbaum.

The defendant contends that in his negotiations for the sale of his interest to Lindenbaum, it was agreed by Lindenbaum, Moskowitz and the defendant, that the new concern of Moskowitz and Lindenbaum operating as the El Dorado Iron and Supply Company, would stand one-third of the loss on the car of rope, the amount of which remained to be ascertained. The plaintiffs contend that there was no such agreement, and that defendant is attempting to compel Lindenbaum to answer for the debt of Moskowitz.

There was evidence tending to support each contention. For plaintiff, a letter was introduced on the letterhead of the defendant under date of July 3, 1925, which reads:

*"El Dorado Iron and Supply Co., El Dorado, Kan.:*

"GENTLEMEN—Inclosed you will find statement of the account, also check for the balance due you after deducting the $182.39 due me from H. Moskowitz. I am inclosing an itemized statement of the transaction, as this deal is outside the partnership. Very truly,

KAMEN IRON & METAL Co."

Defendant, on cross-examination, also testified:

"Q. You say in your answer here that Lindenbaum—and I believe you

Lindenbaum v. Kamen.

so testified—that Lindenbaum orally agreed to pay his proportionate share of whatever Harry might owe you? A. Yes, sir.

"Q. There was no writing to that effect? A. No."

In support of his claim the defendant, among other things, testified that during the month of November, 1922, he met the plaintiff Lindenbaum, who negotiated with him for the purchase of his interest in the El Dorado Iron and Supply Company; that Lindenbaum, Danna, Moskowitz and defendant were all present at the negotiations; that before the sale of his interest · and during the negotiations, he called Lindenbaum's attention that there was no remittance received on the car of rope; that Lindenbaum agreed to stand with Harry Moskowitz their one-third of the loss and expenses incurred in the sale of the car of rope after it could be ascertained; that the final returns on the car were secured some time in March, 1923; that he afterwards sent a statement of the amount of $182.39 to the El Dorado Iron and Supply Company, which amount was never paid, and which amount was one-third of the expense and loss plaintiff Lindenbaum, with Harry Moskowitz, as the El Dorado Iron and Supply Company, agreed they would bear; that Moskowitz and Lindenbaum never denied their liability for one-third of the expense and loss, but contended that they wanted to ascertain whether or not the statement of loss was correct; that upon several occasions they agreed to pay it, but never took time to investigate to see whether or not defendant's statement was correct; that some of the statements sent out of defendant's office were sent to the El Dorado Iron and Metal Company and some addressed to Harry Moskowitz, for the reason that he was better informed with regard to the account; that during the year 1925, while Lindenbaum was engaged in business with Moskowitz, he (defendant). bought merchandise from them; that he later deducted the $182.39 due him from the El Dorado Iron and Supply Company (Lindenbaum and Moskowitz). He was referred to the letter dated July 3, and stated that some one wrote the letter upon his letterhead and addressed it to the El Dorado Iron and Supply Company. He then offered to show that he did not write the letter or had knowledge of language therein and did not authorize the wording thereof. The offer was rejected.

Danna testified that in 1922 he was interested in the El Dorado Iron and Supply Company; that he was present on November 22 when defendant sold his interest in the El Dorado Iron and Supply

Company to Lindenbaum; that those present were defendant, Moskowitz, Lindenbaum and Danna; that Lindenbaum was informed that they had received no returns from the car of rope; that Lindenbaum said he would stand with Harry Moskowitz the proportionate one-third loss and expense on the car of rope and that Moskowitz was present at the time and said the same thing; that the rope was shipped a week or ten days before defendant sold his interest.

We are of opinion that under all the circumstances, the court was not justified in sustaining a demurrer to the defendant's evidence. Whether or not Lindenbaum, with the concurrence of Moskowitz, made an original agreement as the El Dorado Iron and Supply Company to stand one-third the loss was a fact to be ascertained. (*Rowan v. Rosenthal,* 113 Kan. 604, 215 Pac. 1008; *Prewitt v. Shell,* 120 Kan. 158, 242 Pac. 147.)

The judgment is reversed and the cause remanded for a new trial.